# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 13-825V
(Filed: April 30, 2014)

```
* * * * * * * * * * * * * * *
HENRY SIMMONS,                    *        UNPUBLISHED
                                  *
                                  *        Special Master
                                  *        Hamilton-Fieldman
              Petitioners,        *
                                  *        Influenza Vaccination;
       v.                         *        Neurological Demyelinating
                                  *        Injury; Insufficient Proof;
SECRETARY OF HEALTH               *        Failure to Prosecute; Dismissal.
AND HUMAN SERVICES,               *
                                  *
              Respondent.         *
* * * * * * * * * * * * * * *
```

<u>Joseph Pepper</u>, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for Petitioner.
<u>Michael Milmoe</u>, United States Department of Justice, Washington, DC, for Respondent.

## <u>DECISION</u>[1]

On October 22, 2013, Petitioner filed a Petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

influenza vaccination Petitioner received on October 26, 2010, caused a neurological demyelinating injury.

On March 25, 2014, a digitally-recorded status conference was held to discuss the status of the case to date.  During this conference, Petitioner's counsel stated that he had been unable to contact his client. The undersigned issued an Order to Show Cause, ordering that **by no later than April 29, 2014**, Petitioner's counsel should file a status report, indicating whether or not Petitioner wished to proceed forward with his claim, or whether or not Petitioner's counsel had established contact with Petitioner.

Petitioner's counsel filed a status report on April 29, 2014, indicating that "[d]espite numerous attempts, petitioner's counsel has been unsuccessful in contacting the petitioner since October 23, 2013." Pet'r's Status Rep. at 1, ECF No. 9. Petitioner's counsel additionally noted that he "has attempted to advise petitioner that a decision by the special master dismissing this petition will result in a judgment against him . . .  such a judgment will end all of his rights in the Vaccine Program." *Id.* at 2.

## I.      Failure to Prosecute

It is the duty of Petitioner to respond to all court orders.  Failure to respond to a court order is deemed noncompliance, and noncompliance is not favorably considered.  As the undersigned reminded Petitioner in the Order to Show Cause filed on March 25, 2013,  failure to follow court orders, as well as the failure to file medical records or an expert medical opinion, will result in dismissal of Petitioner's claim.  *Tsekouras v. Sec'y, of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd per curiam*, 991 F.2d 810 (Fed. Cir. 1993); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl.  503 (1996); Vaccine Rule 21(b).

## II.     Causation In Fact

To receive compensation under the Program, Petitioner must prove that his neurological demyelinating injury was caused by the receipt of a vaccine.  *See* §§ 300aa-13(a)(1)(A) and 11(c)(1).  Under the Vaccine Act, a special master cannot find that a petitioner has proven his case by a preponderance of the evidence based upon "the claims of a petitioner alone, unsubstantiated by medical records or by medical opinion." §300aa- 13(a).  Petitioner has failed to file sufficient medical records and evidence in this case to support a finding of vaccine causation.  An examination of the record has not uncovered any evidence that Petitioner suffered a "Table Injury."  Nor does the record contain a medical opinion or other persuasive evidence indicating that Petitioner's

neurological demyelinating injury was vaccine-caused.  Petitioner has therefore failed to demonstrate that his injury was "actually caused" by a vaccination.

For the reasons herein, **this case is dismissed for insufficient proof and for failure to prosecute.  The clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>/s/ Lisa D. Hamilton-Fieldman.</u>
Lisa D. Hamilton-Fieldman
Special Master