# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 13-825V
Filed: April 14, 2016

| | |
|---|---|
| * * * * * * * * * * * * * * <br> HENRY SIMMONS, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH <br> AND HUMAN SERVICES, <br><br> Respondent. <br> * * * * * * * * * * * * * * | UNPUBLISHED <br><br> Special Master Hamilton-Fieldman <br><br> Attorneys' Fees; reasonable basis; recovery of fees by unsuccessful petitioner |

*Ronald C. Homer,* Conway, Homer & Chin-Caplan, P.C., Boston, MA, for Petitioner.
*Michael P. Milmoe,* United States Department of Justice, Washington, DC, for Respondent.

### ATTORNEYS' FEES AND COSTS DECISION[1]

Henry Simmons ("Petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act"). Pet., ECF No. 1. Petitioner alleged that he suffered a neurological demyelinating injury as a result of his receipt of an Influenza ("Flu") Vaccine. Pet. at 1. The undersigned ultimately dismissed the petition for insufficient proof and failure to prosecute. J. at 1, ECF No. 12.

### I.  Introduction

After the petition was dismissed, Petitioner moved for attorneys' fees and costs, requesting $4,448.99 in total. Fee Appl., ECF No. 13. Respondent countered that Petitioner was entitled to neither fees nor costs because Petitioner had not acted in good faith and had no reasonable basis for filing the petition. Resp. Fee Appl. at 3-5, ECF No. 17. In response, Petitioner argued that his conduct was in good faith and supported by a reasonable basis, given

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the purposes espoused in the E-Government Act of 2002. *See* 44 U.S.C. § 3501 (2012). Each party has 14 days to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

the proximity of the deadline for expiration of the statute of limitations at the time that he filed the petition. Reply Fee Appl. at 2-3, ECF No. 18. Petitioner then filed a supplemental motion for attorneys' fees and costs, seeking an additional $3,818.90 for litigating the fees dispute. Suppl. Fee Appl., ECF No. 19. After reviewing the record in this case, the undersigned concludes that Petitioner had a reasonable basis for filing the petition and is entitled to attorneys' fees and costs totaling $8,267.89.

## II.     Factual Background

In August 2011, Petitioner contacted Counsel, claiming that he suffered a neurological demyelinating injury as a result of the administration of the Flu Vaccine. Fee Appl. at 1. At that time, Petitioner provided only the receipt of his vaccination, which occurred on October 26, 2010. Fee Appl. at 1, n.1. After consulting with Petitioner, Counsel determined that Petitioner had "a potentially viable vaccine-injury claim." Fee Appl. at 1.

During the next year and a half, Counsel attempted to contact Petitioner on at least 20 separate occasions via email, telephone, and written letter, in order to follow up on their initial meeting and obtain Petitioner's medical records. Fee Appl. at 5-6. Apparently, Counsel reached Petitioner only twice, in November and December of 2011, both times via telephone, and Counsel inquired about the status of a "stage one packet." Fee. Appl. at 5-6.[2]

In March 2013, in light of Petitioner's failure to respond, Counsel sent Petitioner a letter (via both email and written mail), notifying Petitioner that their attorney-client relationship had been terminated. Fee Appl. at 6; Reply Fee Appl. at 2. Over the next five months, Counsel's written letter was twice returned as undeliverable, and Counsel received no response via email. Fee Appl. at 6; Reply Fee Appl. at 2. Counsel also reached out to Petitioner over the telephone but Petitioner did not answer and his voicemail box was full. Fee Appl. at 6.

On October 17, 2013, nine days before the statute of limitations deadline was due to expire, Petitioner called Counsel, asking "to move forward" with his claim and setting up a conference call. Fee Appl. at 6. On October 21, Counsel and Petitioner conferenced, and Counsel filed the aforementioned petition on Petitioner's behalf. Fee Appl. at 6; *see* Pet. Two days later, Counsel spoke with Petitioner again on the telephone, with regard to the collection of medical records. Fee Appl. at 7.

Over the next seven months, Counsel sought out Petitioner in myriad ways but was unable to contact him. Fee Appl. at 7-10. As a result, the undersigned dismissed the petition. J. at 1.

---

[2] While not made clear by Petitioner, the undersigned assumes that phone calls "with" Petitioner, as described in Counsel's billing records, are two-way communications, while phone calls, emails, and written letters "to" Petitioner are one-way communications from Counsel to Petitioner. *See* Fee Appl. at 5-11.

### III. Analysis

A special master must award reasonable fees and costs to a petitioner who receives compensation under the Vaccine Act. 42 U.S.C. § 300aa-15(e)(1) (2012). Although not required to do so, the special master may also award reasonable fees and costs to an unsuccessful petitioner, so long as the petitioner (1) filed the petition in good faith and (2) had a reasonable basis for the claim. *Id.*

Of note, the Vaccine Act does not *compel* the special master to make awards to all petitioners who meet these requirements; rather, Congress vested the special master with discretion and "plainly contemplat[ed] that not all petitioners would recover fees and costs." *Chuisano v. United States*, 116 Fed. Cl. 276, 286 (2014). To be sure, the special master's discretion is tempered by the remedial nature of the Vaccine Act, which necessitates liberally construing its provisions to effectuate its ultimate goal: "to award compensation to vaccine-injured persons quickly, easily, and with certainty and generosity." *Cloer v. Sec'y Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012) (internal quotation marks omitted).

With regard to the good faith requirement, the Court of Federal Claims has observed that petitioners "are entitled to a presumption of good faith." *Grice v. Sec'y Health & Human Servs.*, 36 Fed. Cl. 114, 121 (1996). In other words, when there is no "direct evidence of bad faith," the special master is justified in finding the good faith requirement met. *Id.*

Here, Respondent presents no direct evidence of bad faith. *See* Resp. Fee Appl. at 3-5. Therefore, Petitioner has met the good faith requirement.

As to the existence of a reasonable basis for filing the claim, the Vaccine Act "grants to the special master *maximum* discretion in applying the standard." *Silva v. Sec'y Health & Human Servs.*, 108 Fed. Cl. 401, 402 (2012) (emphasis added). Functionally, "reasonable basis is an objective standard determined by the totality of the circumstances." *Chuisano*, 116 Fed. Cl. at 286. Although insusceptible to precise definition, a petitioner attempting to meet this standard faces a burden that "is something less than the preponderant evidence ultimately required to prevail on one's vaccine-injury claim." *Id.* at 287.

In *Chuisano*, the Court of Federal Claims explicitly declined to address "the degree of influence that a pending statute of limitations might have on a reasonable basis inquiry." *Id.* at 287 n.9. At the same time, the Court held that a looming statute of limitations deadline was "a factor" to consider in determining whether the totality of the circumstances reveals a reasonable basis for the underlying claim. *Id.* at 287. Furthermore, special masters have held consistently that a petitioner nearing the expiration of the statute of limitations may have a reasonable basis for filing the petition without conducting the same searching inquiry that may be required in another instance. *See Hippo v. Sec'y Health & Human Servs.*, No. 10-462V, 2012 WL 1658252 (Fed. Cl. Spec. Mstr. Apr. 18, 2012); *Lamar v. Sec'y Health & Human Servs.*, No. 99-584V, 2008 WL 3845157 (Fed. Cl. Spec. Mstr. Jul 30, 2008); *Hamrick v. Sec'y Health & Human Servs.*, No. 99-683V, 2007 WL 4793152 (Fed. Cl. Spec. Mstr. Nov. 19, 2007); *Peca v. Sec'y Health & Human Servs.*, No. 90-122V, 1992 WL 30423 (Fed. Cl. Spec. Mstr. Feb. 3, 1992).

With this in mind, the undersigned concludes that Petitioner had a reasonable basis for submitting his petition. Petitioner provided Counsel with a vaccination receipt, and after consulting with Petitioner, Counsel judged the claim potentially meritorious. While that alone may not have provided a reasonable basis for filing a claim, Petitioner then disappeared for almost two years and reemerged less than ten days before the statute of limitations expired. Critically, Counsel then spoke with Petitioner *twice* before filing the petition on Petitioner's behalf.[3] To not file a petition at that point, leaving Petitioner to either obtain new counsel or file *pro se* with less than a week remaining in the statute of limitations, would be tantamount to an ethical violation. Under these circumstances, the undersigned cannot say that no reasonable basis existed for Petitioner to pursue his claim in this forum.

### IV.   Conclusion

**Petitioner's motion for attorneys' fees and costs is granted. The undersigned hereby awards the amount of $8,267.89, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Ronald C. Homer.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

[3] Neither Petitioner nor Respondent alerted the undersigned to the existence of two communications between Counsel and Petitioner after Petitioner's initial disappearance, but before Counsel filed the petition. It is only after reviewing Petitioner's billing records that the undersigned discovered this fact—a fact the undersigned finds dispositive in this instance. Indeed, Respondent's attempt to hold Counsel responsible for Petitioner's delinquency would be far more convincing had Counsel only spoken with Petitioner (who had demonstrated signs of unreliability) once before filing the petition.

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).