# In the United States Court of Federal Claims

No. 13-825V
(Filed: October 12, 2016)*
*Opinion originally filed under seal on September 21, 2016

|  |  |  |
|---|---|---|
| HENRY SIMMONS, | ) | |
| | ) | |
| Petitioner, | ) | Vaccine Act; Attorneys' Fees and |
| | ) | Costs; Reasonable Basis for Filing |
| v. | ) | Petition |
| | ) | |
| SECRETARY OF HEALTH and | ) | |
| HUMAN SERVICES, | ) | |
| | ) | |
| Respondent | ) | |
| | ) | |

*Ronald C. Homer*, Boston, MA, for petitioner.

*Michael P. Milmoe*, Civil Division, U.S. Department of Justice, Washington, DC, with whom were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Rupa Bhattacharyya*, Director, Tors Branch, *Vincent J. Matanoski*, Deputy Director, Torts Branch, and *Gabrielle M. Fielding*, Assistant Director, Torts Branch, for defendant.

**OPINION REVERSING
AWARD OF ATTORNEYS' FEES AND COSTS**

**FIRESTONE**, *Senior Judge*.

This case comes before the court on the government's motion for review of

Special Master Hamilton-Fieldman's decision to award $8,267.89 in attorney's fees and

costs to Ronald C. Homer ("counsel"), who filed a petition under the National Childhood

Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34. (the "Vaccine Act") on behalf

of his client, petitioner Henry Simmons ("petitioner").  The petition alleged that Mr.

Simmons had suffered a neurological demyelinating injury as a result of an influenza

("flu") vaccination received in 2010.  After the petition was dismissed for failure to

prosecute, counsel filed a motion for attorneys' fees and costs.  The government objected

to an award of fees on the grounds that counsel did not have a reasonable basis for filing

the petition and that the petition was not filed in good faith.  The Special Master rejected

the government's arguments and awarded fees and costs to counsel on April 14, 2016

(ECF No. 21).  The government filed a motion for review of the Special Master's fee

decision on May 16, 2016 (ECF No. 23).

For the reasons stated below, the court finds that the Special Master erred in

awarding attorneys' fees because the record before the Special Master demonstrated that

counsel did not have a reasonable basis to file the petition.

I.      BACKGROUND

    A.    Facts

According to counsel's motion for attorneys' fees and costs, filed June 11, 2014,

the petitioner first contacted counsel in August of 2011, claiming that he suffered a

neurological demyelinating injury as a result of the administration of the Flu Vaccine.

*See* Mot. for Fees, ECF No. 13, at 1.  At the time of the initial contact, petitioner provided

counsel with a copy of a record of his vaccination, which occurred on October 26, 2010.

*Id.*  Counsel consulted with petitioner and determined that he had "a potentially viable

vaccine-injury claim."  *Id.*  In his response to the government's motion to review the

Special Master's decision, counsel states that at the initial consultation, Mr. Simmons

informed counsel that he had been diagnosed with Guillain-Barre Syndrome ("GBS") by

a neurologist within weeks of his vaccination.  Pet'r.'s Resp. 5.  According to counsel's

billing record, preparation for the initial conference call and the call itself lasted approximately an hour and twelve minutes.  Mot. for Fees at 5.

Counsel's records reflect that after the initial consultation, counsel was not able to reach Mr. Simmons to discuss a petition. The billing records attached to counsel's fees petition reflect that after several e-mails and attempts to call Mr. Simmons following the initial consultation in August of 2011, a paralegal spoke to Mr. Simmons for approximately twelve minutes on December 15, 2011, in which Mr. Simmons apparently stated that he would send in the information counsel requested.  *Id*.  After that conversation, counsel's billing records reflect approximately twenty unsuccessful additional attempts to call or e-mail Mr. Simmons between January of 2012 and May of 2013.  *Id.* at 5-6.  In March 2013, in light of petitioner's failure to respond, counsel sent petitioner a letter (via both email and written mail), notifying petitioner that their attorney-client relationship had been terminated.  *Id.* at 6.  The termination letter was twice returned as undeliverable. *Id.*

On October 17, 2013, shortly before the statute of limitations was to expire on his claim and nearly two years since he last had contact with counsel's firm, Mr. Simmons contacted counsel's firm and, in a call lasting less than eighteen minutes, told a paralegal that he would like to move forward with his petition.[1]  *Id.* at 6.  Counsel spoke to Mr.

---

[1] The billing entry for this call is for 0.30 hours, including the conversation, conferring with attorneys at the firm, and setting up a conference call.  *Id.*

Simmons one additional time on October 21, 2013 for less than thirty-six minutes.[2]  *Id.*

According to counsel's response to the government's motion for review, Mr. Simmons

"indicated that he was non-compliant, in part, because it was traumatic for him to relive

the experiences of his GBS, and assured counsel that he would comply with further

requests for information."  Pet.'s Resp. 6.

The next day, October 22, 2013, counsel filed a petition for compensation in the

Vaccine Court on petitioner's behalf.  *See* Petition, ECF No. 1.  The petition is only a few

sentences long, contains few specific facts, and states that "[d]ocuments and affidavits [in

support of the petition] have been requested and will be submitted in support of the

petition once they are received."  *Id.* ¶ 7.  Counsel's billing records describe the petition

as "skeletal" and reflect that counsel billed less than one hour for drafting and editing the

petition, including paralegal time.  Mot. for Fees 6.

After the petition was filed, counsel once again was unable to communicate with

Mr. Simmons despite numerous attempts.  *Id.* at 6-11.  In January of 2014, the Special

Master issued an order requiring petitioner to file medical records no later than March 20,

2014, or alternatively, provide a medical release to counsel so that he could obtain the

record.  Scheduling Order, ECF No. 6.  The order noted that "[w]ithout medical records

or a medical release to request medical records, the undersigned shall have to dismiss this

case."  *Id.* at 2.  On March 20, 2014, petitioner's counsel filed a status report detailing his

unsuccessful efforts to contact petitioner by telephone, e-mail, regular mail, and by

---

[2] The billing entry for this call is for 0.60 hours, including preparation for the phone call, the phone call itself, and a memo to file.  *Id.*

overnight delivery service.  Status Report, ECF No. 7.  Thereafter, on March 25, 2014,

the Special Master issued an order to show cause why the case should not be dismissed

for failure to prosecute.  ECF No. 8.  On April 29, 2014, petitioner's counsel responded

to the order to show cause stating: "To date, the petitioner has not contacted petitioner's

counsel, nor have repeated attempts by counsel to contact the petitioner been successful."

ECF No. 9.  On April 30, 2014, the Special Master issued an order dismissing the case

for failure to prosecute.  ECF No. 10.  Judgment was entered on June 6, 2014.  ECF No.

12.

Counsel filed his initial fee petition on June 11, 2014 seeking $3,897.60 in

attorneys' fees and $551.39 in costs, for a total of $4,448.99.  Mot. for Fees at 3.  The

government filed an opposition to the application for fees and costs on July 7, 2014,

citing a lack of good faith and reasonable basis.  ECF No. 17.  On July 17, 2014, counsel

filed a reply to the government's opposition, ECF No. 18, and a supplemental application

for attorneys' fees and costs.  ECF No. 19.  The supplemental petition sought an

additional $3,818.90 in fees which were incurred primarily in the preparation of

petitioner's reply in support of its initial fee petition for a total of $8,267.89 in fees and

costs.  *See id.* at 4-5.

## B.   The Special Master's Decision

On April 14, 2016 Special Master Hamilton-Fieldman issued an opinion granting

the entirety of the $8,267.89 counsel had requested in fees and costs.  Attorneys' Fees

and Costs Decision ("Fee Dec."), ECF No. 21.  The Special Master noted that the

Vaccine Act allows a Special Master to award attorneys' fees and costs to an

unsuccessful petitioner so long as the petition was filed in good faith and there was a

reasonable basis for the claim.  *Id.* at 3 (citing 42 U.S.C. § 300aa-15(e)(1)).  The Special

Master found that there was no direct evidence of bad faith, and thus petitioner satisfied

the good faith requirement.  *Id.*

With respect to the government's argument that counsel lacked a reasonable basis

for filing the petition, the Special Master noted that she had considerable discretion in

determining whether a reasonable basis for filing the claim existed, and found that it did

in this case:

> Petitioner provided Counsel with a vaccination receipt, and after consulting
> with Petitioner, Counsel judged the claim potentially meritorious. While
> that alone may not have provided a reasonable basis for filing a claim,
> Petitioner then disappeared for almost two years and reemerged less than
> ten days before the statute of limitations expired. Critically, Counsel then
> spoke with Petitioner *twice* before filing the petition on Petitioner's
> behalf.[]  To not file a petition at that point, leaving Petitioner to either
> obtain new counsel or file *pro se* with less than a week remaining in the
> statute of limitations, would be tantamount to an ethical violation. Under
> these circumstances, the undersigned cannot say that no reasonable basis
> existed for Petitioner to pursue his claim in this forum.

*Id.* at 4.

The government subsequently sought review of the Special Master's decision in

this court.  The court determined that oral argument was not necessary for resolution of

the issue.

## II.    STANDARD OF REVIEW

This court may reverse a decision of a Special Master if it is "arbitrary, capricious,

an abuse of discretion, or otherwise not in accordance with law."  42 U.S.C. § 300aa-

12(e)(2)(B).  The "decision whether a particular petition was brought in good faith and

had a reasonable basis at the time of filing, and therefore that counsel would be entitled to attorneys' fees, is within the discretion of the Special Master and is generally reviewed for abuse of discretion." *Scanlon v. Sec'y of Health & Human Servs.*, 116 Fed. Cl. 629, 633 (2014) (citing *Davis v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 627, 633 (2012)).

In order to reverse the decision of a Special Master for abuse of discretion, this court must find that the Special Master's decision was either (1) "clearly unreasonable, arbitrary, or fanciful;" (2) "based on an erroneous conclusion of the law;" (3) "clearly erroneous," or (4) "the record contains no evidence on which the ... [Special Master] rationally could have based his decision." *Id.* (quoting *Ninestar Tech. Co. v. Int'l Trade Comm'n*, 667 F.3d 1373, 1379 (Fed. Cir. 2012); *see also Chuisano v. United States*, 116 Fed. Cl. 276, 284 (2014). If "the Special Master has 'considered the relevant evidence of record, drawn plausible inferences, [and stated] a rational basis for the decision," reversible error is extremely difficult to establish.'" *Silva v. Sec'y of Health & Human Servs.*, 108 Fed. Cl. 401, 405 (2012) (quoting *Hines v. Sec'y of Health & Human Servs.*, 940 F.2d 1518, 1528 (Fed. Cir. 1991)).

## III.  DISCUSSION

Under the Vaccine Act, an unsuccessful petitioner may be awarded attorneys' fees under certain circumstances:

> If the judgment of the United States Court of Federal Claims on such a petition does not award compensation, the special master or court may award an amount of compensation to cover petitioner's reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in

> *good faith and there was a reasonable basis* for the claim for which the petition was brought.

42 U.S.C. § 300aa-15(e)(1) (emphasis added).  Good faith and reasonable basis are "two distinct facets" that must be judged separately.  *Chuisano*, 116 Fed. Cl. at 289.  Moreover, while good faith on behalf of petitioner's counsel is a subjective inquiry, the question of whether there was a reasonable basis for the claim is an objective inquiry.  *Id.* (citing *McKellar v. Sec'y Health & Human Servs.*, 101 Fed. Cl. 297, 303 (2011)).  In determining whether a claim has a reasonable basis, special masters apply a totality of the circumstances test, considering factors such as "the factual basis, the medical support, and jurisdictional issues," including the statute of limitations.  *Chuisano*, 116 Fed. Cl. at 288 (citation omitted).  Ultimately, however, a "petitioner must affirmatively establish a reasonable basis to recover attorneys' fees and costs."  *Id. at 287.*  (quoting *McKellar*, 101 Fed.Cl. at 304).  This burden is something less than the preponderant evidence ultimately required to prevail on one's vaccine-injury claim.  *Id.*  However, the courts have recognized that a petitioner "must furnish some evidence in support" of the claim "to establish the statutory requirement of reasonable basis."  *Id. at 288.*  (citing *Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 152 (2012)); *Turpin v. Sec'y Health & Human Servs.*, No. 99–564V, 2005 WL 1026714, *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005) (finding no reasonable basis when petitioner submitted only one affidavit and no other records); *Brown v. Sec'y Health & Human Servs.*, No. 99–539V, 2005 WL 1026713, *2 (Fed. Cl. Spec. Mstr. Mar. 11, 2005) (finding no reasonable basis when petitioner presented only e-mails between her and her attorney).

In this case, the court finds that the Special Master erred in finding that counsel

had a reasonable basis for petitioner's claim.[3]  Counsel failed to produce any evidence,

either at the time the petition was filed or in the five months before the Special Master

dismissed the case for failure to prosecute, to support the claim that petitioner suffered

from GBS caused by his flu vaccine.  "At the most basic level, a petitioner who submits

no evidence would not be found to have reasonable basis because the petitioner could not

meet the burden of proof needed to establish reasonable basis."  *Chuisano*, 116 Fed. Cl.

at 286 (quoting *Chuisano v. Sec'y of Health & Human Servs.*, No. 07-452V, 2013 WL

6234660, at *13 (Fed. Cl. Spec. Mstr. Oct. 25, 2013)).  In this connection, the court finds

that the requirements for a petition set forth in the Vaccine Act are relevant in deciding

whether a petition that is dismissed for lack of prosecution was reasonably filed in the

first instance.  There is a reason that the Vaccine Act requires that petitions be

accompanied with evidence of injury or an explanation as to why records are not

available.  *See* 42 U.S.C. § 300aa-11(c) (noting that a petition under the Vaccine Act

"shall contain . . . an affidavit, and supporting documentation, demonstrating" the

petitioner received a vaccine and "sustained, or had significantly aggravated, any illness,

disability, injury, or condition," or "an identification of any records" listed above "which

---

[3]  The Special Master found that because the government did not present any "direct evidence of bad faith," counsel was entitled to a presumption of good faith.  Fee Dec. at 3 (citing *Grice v. Sec'y Health & Human Servs.*, 36 Fed. Cl. 114, 121 (1996).  The government argues that this standard improperly shifts the petitioner's burden of showing good faith to the government, and argues that given that the record is so scant and does not even contain a "declaration that the petitioner himself believe that he was injured by a vaccine," there is no basis to find good faith.  Resp.'s Mot. for Review 13.  Because the court finds that the Special Master erred by finding a reasonable basis for filing the petition, there is no need to decide whether the Special Master applied the correct test with respect to good faith.

are unavailable to the petitioner and the reasons for their unavailability.")  The provision

ensures that petitioners and their counsel make some effort to establish that there was a

vaccination and an injury that may be linked to the vaccine.

Had petitioner fulfilled the statutory prerequisites for filing a petition in this case,

indeed had counsel at any time before the case was dismissed produced evidence to show

that petitioner had an injury he alleged was linked to the flu vaccine, recovery of

attorneys' fees and costs might have been supported.  *Chuisano*, 116 Fed. Cl. at 287

(finding that "the reasonable basis inquiry is broad enough to encompass any material

submitted in support of the claim at any time in the proceeding, whether with the petition

or later.").  This court has previously found that a similar dearth of evidence

demonstrated a lack of reasonable basis.  In *Woods v. Secretary of Health and Human

Services*, this court found that the Special Master "erred in failing to sufficiently analyze

whether there was a reasonable basis for Petitioners' claim" when the Special Master's

sole basis for concluding that there was a reasonable basis was the fact that "the parties

had at times engaged in settlement negotiations" and the Special Master "cited no

allegations of injury or causation, no medical records, and no legal authority in

determining that Petitioners' claim had a reasonable basis."  *Woods*, 105 Fed. Cl. at 152.

The Special Master found the fact that the statute of limitations was looming when

the petitioner emerged was critical to her conclusion that a reasonable basis existed,

noting that counsel's conversations with petitioner alone "may not have provided a

reasonable basis for filing a claim" had the statute of limitation not been about to run out.

Fee Dec. 4.  The court finds that his reasoning is not persuasive.  The fact that the statute

of limitations was about to expire did not excuse counsel's obligation to show he had

some basis for the claim beyond his conversation with the petitioner.  The court accepts

that "a petitioner nearing the expiration of the statute of limitations may have a

reasonable basis for filing the petition without conducting the same searching inquiry that

may be required in another instance."  Fee Dec. at 3 (citing *Hippo v. Sec'y Health &*

*Human Servs.*, No. 10-462V, 2012 WL 1658252 (Fed. Cl. Spec. Mstr. Apr. 18, 2012);

*Lamar v. Sec'y Health & Human Servs.*, No. 99-584V, 2008 WL 3845157 (Fed. Cl. Spec.

Mstr. Jul 30, 2008); *Hamrick v. Sec'y Health & Human Servs.*, No. 99-683V, 2007 WL

4793152 (Fed. Cl. Spec. Mstr. Nov. 19, 2007); *Peca v. Sec'y Health & Human Servs.*,

No. 90-122V, 1992 WL 30423 (Fed. Cl. Spec. Mstr. Feb. 3, 1992)).  Nonetheless, a

statute of limitations deadline does not excuse counsel from endeavoring to confirm that

the vaccine injury alleged has occurred by producing supporting evidence.  *Chuisano*,

116 Fed. Cl. at 287 ("A looming statute of limitations does not forever absolve a

petitioner from his or her obligation to proceed with a reasonable basis to support his

claim, at least not if the petitioner hopes to recover any fees and costs.").

Counsel for petitioner states that he takes seriously his responsibility to file only

claims that have a reasonable basis, and states that in the past year, he rejected 415 of the

576 inquiries he received from potential clients.  Pet.r's Resp. 11.  While the court does

not doubt that counsel does his best to ensure that he files only those petitions which he

believes have merit, his actions with regard to inquiries he received last year do not

establish that he met his burden for receiving attorneys' fees and costs in this case.  For

the reasons stated above, the court finds that without presenting any evidence of injury

either before or after the petition was filed to support the claim counsel cannot show a

reasonable basis for filing the claim and thus the Special Master erred in awarding

attorneys' fees and costs.

## IV.    CONCLUSION

The government's petition for review is **GRANTED**.

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Senior Judge